UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LEONARD F. RAPPA, | Civil Action No. 11-6359 (SRC) |
| Plaintiff, |  |
|  | **OPINION & ORDER** |
| v. |  |
| DELOS INSURANCE COMPANY et al., |  |
| Defendants. |  |

**CHESLER**, District Judge

  This matter comes before the Court on the motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, by Defendant Delos Insurance Company ("Delos.") For the reasons stated below, the motion will be denied.

  This motion must be denied because it turns on factual questions that are not resolved by the present record. In brief, this case arises from a dispute between the insured Plaintiff and the insurer Defendant over a claim; the case was removed from the Superior Court of the State of New Jersey. The insured has opposed the insurer's motion for summary judgment largely on the ground that many of the issues were previously decided in the written opinion of the Superior Court of New Jersey, by the Honorable Lisa Chrystal, J.S.C., dated August 10, 2011 (the "2011 Decision.")

  In reply, Delos argues that the 2011 Decision cannot be law of the case because it was unpublished and not precedential. Delos appears not to know what the law of the case is. As stated by the Supreme Court:

> As most commonly defined, the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. This rule of practice promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues. . . .
>
> [T]he doctrine applies as much to the decisions of a coordinate court in the same case as to a court's own decisions.

Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 815-816 (1988) (citations omitted). The Supreme Court further stated: "A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." Id. at 817. In considering whether it should revisit the decisions already made by the coordinate court in this case, this Court thus inquires whether there are extraordinary circumstances that justify doing so. Delos has not even argued that the fact that the 2011 Decision was unpublished constitutes an extraordinary circumstance within the meaning of Christianson.

According to the 2011 Decision, both Plaintiff and Delos filed motions for summary judgment. The Superior Court of New Jersey heard oral argument on these motions and issued a written decision in which, in short, it denied the motions because, *inter alia*, unresolved factual disputes precluded the entry of judgment as a matter of law. In considering the 2011 Decision, then, this Court must consider whether unresolved factual disputes continue to preclude the entry of judgment as a matter of law.

This Court is unable to do so on this record. Neither party has furnished the factual statements required of both parties by L. Civ. R. 56.1(a), which also states: "A motion for

summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed." The motion for summary judgment will be denied. Future submissions should, of course, meet the requirements of this district's local civil rules.

For these reasons,

**IT IS** on this 6th day of March, 2013, hereby

**ORDERED** that Defendant's motion for summary judgment (Docket Entry No. 45) is **DENIED**.

                                                  s/ Stanley R. Chesler
                                                Stanley R. Chesler, U.S.D.J