UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LEONARD F. RAPPA, | Civil Action No. 11-6359 (SRC) |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| DELOS INSURANCE COMPANY et al., | |
| Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court on the motion for reconsideration of the Opinion and Order entered on March 6, 2013 (the "Opinion") by Defendant Delos Insurance Company ("Delos.") In that Opinion, this Court denied the motion for partial summary judgment that had been filed by Delos. For the reasons stated below, the motion for reconsideration will be denied.

"A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Banda v. Burlington County, 263 Fed. Appx. 182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)); L. Civ. R. 7.1(i).

Delos contends that reconsideration is warranted because this Court erred when it asserted in the Opinion that neither party had submitted the statements of material fact required by L. Civ. R. 56.1. Delos points out that both it and Plaintiff had, in fact, timely filed the Rule

56.1 statements.

Delos is correct that the Court did not see the Rule 56.1 statements that the parties had filed. This is, however, harmless error. The opening brief submitted by Delos in support of the motion for partial summary judgment contains no reference to the Rule 56.1 statement; it does not cite to any of the ten numbered factual statements in it. In opposition, Plaintiff Leonard F. Rappa ("Rappa") submitted a certification, rather than a brief. Rappa's certification contains no reference to either party's Rule 56.1 statement; not does it cite to any of the numbered factual statements in either Rule 56.1 statement.

Delos thus faults the Court for overlooking Rule 56.1 factual statements that neither party's brief cited. The implication is that this Court should have done the parties' work for them, creating and incorporating the appropriate factual citations into the opening brief and opposing certification. Not so. As the Seventh Circuit has observed:

> District judges are not archaeologists. They need not excavate masses of papers in search of revealing tidbits--not only because the rules of procedure place the burden on the litigants, but also because their time is scarce.

Northwestern Nat'l Ins. Co. v. Baltes, 15 F.3d 660, 662-663 (7th Cir. 1994).

Furthermore, L. Civ. R. 56.1(a) states: "Each statement of material facts shall be a separate document (not part of a brief) and shall not contain legal argument or conclusions of law." Delos failed to comply with this requirement: its statement of facts was submitted as part of its opening brief.

Denial of the motion for reconsideration is not based on mere pickiness about following the rules, but on the substance of what was at issue. In the Opinion, this Court held:

> This motion must be denied because it turns on factual questions that are not

> resolved by the present record. . . . The insured has opposed the insurer's motion for summary judgment largely on the ground that many of the issues were previously decided in the written opinion of the Superior Court of New Jersey, by the Honorable Lisa Chrystal, J.S.C., dated August 10, 2011 (the "2011 Decision.")

(Opinion at 1.) In the 2011 Decision, Judge Chrystal denied a motion for summary judgment on the ground that there were unresolved material factual issues.

On the summary judgment record before this Court – even without the benefit of citations to the Rule 56.1 statements, and even without consulting the Rule 56.1 statements themselves – it appeared that, as Judge Chrystal had found, unresolved material factual disputes precluded the entry of judgment as a matter of law. In particular, Delos had moved for summary judgment on Plaintiff's claim that Delos acted in bad faith, thus breaching the covenant of good faith and fair dealing implied between the parties by law. The determination of bad faith is highly fact-intensive. It was clear to this Court that there were unresolved disputes over the facts on which the bad faith determination would be based.

Delos has argued, both in reply on its original motion and now on reconsideration, that evidence has been obtained through discovery that was not before Judge Chrystal. Yet Delos fails to go beyond this assertion to demonstrate, through citation to evidence of record and supporting analysis, how the particular factual disputes found unresolved by Judge Chrystal have now been resolved. Delos has failed to persuade this Court that the evidence of record now puts the Court into a materially different position from that encountered by Judge Chrystal, such that summary judgment is now warranted. Absent such analysis, this Court, on summary judgment, was presented with what was essentially a motion for reconsideration of Judge Chrystal's decision.

Moreover, the Rule 56.1 factual statements, now examined, support this Court's conclusion that unresolved material factual disputes precluded the entry of judgment as a matter of law. As just one example, Plaintiff's responsive Rule 56.1 statement points to evidence in support of his claim that the insurance adjuster did not ascertain the actual losses, in terms of actual building repair costs, suffered by Plaintiff. This alone is sufficient to raise a material factual dispute requiring resolution by a finder of fact.

This Court may have overlooked the un-cited Rule 56.1 statements, but it did not err in its decision to deny the motion for partial summary judgment on the ground that unresolved material factual disputes precluded the entry of judgment as a matter of law. The Rule 56.1 statements, now carefully examined, fully support this Court's denial of the motion for partial summary judgment. Delos has failed to persuade this Court that reconsideration is merited.

For these reasons,

**IT IS** on this 10th day of June, 2013, hereby

**ORDERED** that Defendant's motion for reconsideration (Docket Entry No. 52) is **DENIED**.

                                                   s/ Stanley R. Chesler
                                                   Stanley R. Chesler, U.S.D.J